UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=================================
BRANDON HAWKINS,   **REPLY, AND RESPONSE TO**
KATELYNN BOLDEN   **CROSS-MOTION**
and ERICA SEYMOUR,

        Plaintiffs,   22-cv-905-WMS-HKS

  v.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT
and CAPTAIN AMBER BEYER,

        Defendants.
=================================

## ATTORNEY DECLARATION

David M. Lee, an attorney admitted to practice in this Court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1.    I am an Assistant Corporation Counsel for the City of Buffalo, of counsel to Cavette A. Chambers, Corporation Counsel, and attorney for the defendants. Having been assigned this matter, I am fully familiar with it.

2.    This declaration, and accompanying memorandum of law, are submitted in further support of defendants' [11] motion for judgment on the pleadings and in opposition to plaintiffs' [41] cross-motion to amend their complaint and to reopen discovery.

3.    Under the Court's [7] case management order, the deadline to file motions to amend the pleadings was April 19, 2023. The deadline to complete fact depositions

1

was November 3, 2023. Discovery closed on March 1, 2024. The defendants timely filed

the dispositive motion that is currently pending before the Court on May 6, 2024.

Dated:      Buffalo, New York
            March 7, 2025
                                            s/David M. Lee

**MEMORANDUM OF LAW**

Plaintiffs make five arguments in opposition to defendants' motion and in support of their cross-motion:

1. That the complaint states a viable claim under 42 U.S.C. §1981;

2. That the complaint states a viable claim under Title VII;

3. That the collateral estoppel doctrine does not apply to the prior IOD decision involving Hawkins;

4. That with respect to the officers' Title VII denial of overtime claim, exhaustion of grievance procedures set forth in the governing CBA was not required; and

5. That the Court should reopen discovery and allow plaintiffs to file an amended complaint.

The defendants will address each argument in turn. All are without merit.

### I.   MATTERS OUTSIDE THE PLEADINGS

Before turning to the merits, "it is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Sibley v. Watches*, 460 F. Supp. 3d 302, 317 (W.D.N.Y. 2020) (cleaned up). *See also Palmer v. Safetec of Am., Inc.*, 2012 WL 2994060, *10, n.7 (W.D.N.Y. 2012) ("the allegations contained in Plaintiff's Response cannot correct the deficiencies of his Complaint"). Relatedly, this Court should not consider the extraneous documents filed by plaintiffs as "[c]ourts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010)

(collecting cases). In keeping with these principles, the Court's analysis of the instant motion should be limited to the four corners of the original complaint.[1]

## II.     ARGUMENT

**1.     The complaint fails to state a viable §1981 claim**

Plaintiffs argue that they state a claim under §1981 because the complaint "appropriately invoked §1983." [41 at 4]. To the contrary, the only claim in the complaint brought pursuant to 42 U.S.C. §1983 is plaintiffs' ninth claim alleging equal protection violations. [1 at ¶¶89-101]. The complaint does not mention §1983 where it alleges §1981 violations. [1 at ¶¶106-12].

Assuming, counterfactually, that plaintiffs brought their §1981 claims through §1983, it would not make any difference because §1981 outlaws intentional race-based discrimination concerning one of the statute's enumerated activities. *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). Plaintiffs have not sufficiently alleged facts that Captain Beyer's actions were purposely discriminatory. In addition to failing to allege facts giving rise to an inference of racial discrimination, the complaint does not identify which activity enumerated in §1981 has been abridged by the alleged discrimination. Plaintiffs' §1981 claim should fail against Captain Beyer.

---

[1]     The defendants did not submit extrinsic evidence in support of their motion for judgment on the pleadings. Exhibit A [11-1] is the IOD hearing officer's decision, of which the Court may take judicial notice. [11 at 3, 6]. The only other exhibits attached to the defendants' motion—Exhibits B and C [11-2; 11-3]—are solely offered in support of defendants' alternative argument that summary judgment is warranted on exhaustion grounds on the officers' Title VII denial of overtime claim.

The plaintiffs' purported §1983 claim to vindicate their rights under §1981 should also fail against the City, since plaintiffs do not allege anywhere in the complaint that the conduct at issue was the product of a municipal policy or custom. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989) (holding that §1983's requirement that plaintiffs show an official policy or custom resulting in a constitutional violation also controls in §1981 actions against municipalities).

    **2.**    **The complaint fails to state a viable Title VII claim**

First, plaintiff Seymour argues that "while employed at Endeavor" she had a "joint employee-employer relationship" with the City. [41 at 6]. However, the complaint is void of facts suggesting that the City is plaintiff Seymour's joint employer. *See Kearney v. Kessler Fam. LLC*, *5 (W.D.N.Y. 2011) (to sufficiently plead a joint employer relationship, "a plaintiff must allege commonality of hiring, firing, discipline, pay, insurance, records, and supervision . . .") (cleaned up). While plaintiff Seymour refers to her affidavit, the Court should not consider matters outside the pleadings to determine if Seymour sufficiently pled that the City was her joint employer.

Plaintiffs' second argument suffers from the same flaw: Plaintiffs argue that they have stated an actionable adverse employment action "at the pleading stage," but then go on to cite their affidavits beyond the four corners of the complaint. [41 at 6].

Plaintiffs' third argument is that the complaint alleges "multiple incidents involving racial slurs and offensive language." [41 at 7]. But the complaint only describes two incidents as the basis for plaintiffs' hostile work environment claim [1 at ¶¶18, 48], and the facts alleged there fall short of constituting an abusive and hostile

5

workplace environment under either Title VII or the NYSHRL. [11 at 12-15]. Indeed, courts have routinely dismissed hostile work environment claims on facts far more egregious than those raised here. *See Big Apple Tire, Inc. v. Telesector Res. Grp., Inc.*, 476 F.Supp.2d 314, 328, n.18 (S.D.N.Y. 2007) (collecting cases).

> 3. **Plaintiff Hawkins' claims are barred by collateral estoppel to the extent that his claims are based on his own stress caused by Captain Beyer**

Officer Hawkins argues that collateral estoppel does not apply for two reasons. First, argues Hawkins, the hearing officer's decision does not resolve the question of whether Captain Beyer engaged in prohibited forms of discrimination under federal law. [41 at 9]. The defendants never made this argument in their motion. Defendants argued that Hawkins is barred from relitigating the issue of whether his stress was caused by Captain Beyer inasmuch as the hearing officer answered this question in the negative. Based on this factual premise, the defendants argued that Hawkins cannot rest his claims in this action on the stress he was allegedly experiencing due to Captain Beyer. [11 at 17-18]. Hawkins did not respond to this argument.

Contrary to Hawkins' second argument, the opponent of collateral estoppel "bears the burden of proving that he or she did not have a full and fair opportunity to litigate the issue." *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 730 (2d Cir. 2001). Hawkins principle argument appears to be that he did not have an opportunity to litigate the issue in the prior IOD hearing given the nature of the forum. However, Hawkins was "present for the hearing and was represented by legal counsel," and he was "accorded a full and fair hearing, including the opportunity to

6

present evidence and cross-examine witnesses." [11-1 at 2]. Hawkins has not shown that he was denied a full and fair opportunity to litigate the issue decided against him in the prior proceeding.

### 4. CBA Grievance Procedure

The issue is whether the officers were required to exhaust the CBA's grievance procedure concerning the alleged denial of overtime work opportunities before seeking judicial relief. However, before getting to this issue, plaintiffs, aware of the deficiencies in the complaint, ask the Court to consider their affidavits stating that they suffered a material harm from the denial of overtime. [41 at 10-11].

As discussed at the outset of this memorandum, "a plaintiff may not amend his complaint by affidavit in response to a motion to dismiss." *Margolies v. Rudolph*, 2022 WL 2062460, *8 (E.D.N.Y. 2022). The Second Circuit endorses this rule. *See Colliton v. Bunt*, 709 F. App'x 82, 83 (2d Cir. 2018) ("The district court did not err when it declined to consider [plaintiff's] affidavit submitted in opposition to the defendants' motions to dismiss since, generally, courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss"). As such, the defendants urge the Court not to consider the factual assertions contained in plaintiffs' affidavits or opposition brief, and to decide the instant motion to dismiss based on the allegations contained in the complaint.

On the exhaustion issue, plaintiffs argue that exhaustion of an arbitration provision in a collective bargaining agreement is not required before an employee may prosecute his or her statutory claims in federal court, citing *Chopra v. Display Producers*,

7

*Inc.*, 980 F. Supp. 714 (S.D.N.Y. 1997). In *Chopra*, however, the plaintiff's Title VII claims "[did] not require interpretation of a collective bargaining agreement." *Id.* at 719. The defendants also bring to the Court's attention the Second Circuit's decision in *Tran v. Tran*, 54 F.3d 115 (2d Cir. 1995). There, the court held that the plaintiff was not required to exhaust the arbitration process in a CBA before bringing his statutory FLSA claim in federal court.

By contrast, in this case, the defendants do not argue that the officers were required to submit their statutory Title VII claims to the CBA's grievance procedures. Rather, the defendants argue that because the officers' Title VII claims hinge on their asserted contractual right to receive overtime opportunities, this threshold question, which derives solely from the CBA, must be determined pursuant to the CBA's grievance procedure, before the plaintiffs can bring this action in federal court. [11 at 18-19]; [11-2, 11-3]. *See Manukian v. Pritchard Indus., Inc.*, 2023 WL 6311287, *3 (S.D.N.Y. 2023) ("in the context of a labor dispute governed by a collective bargaining agreement, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement before bringing an action in federal court") (cleaned up). In short, the officers' Title VII claim of race-based denial of overtime pay was brought prematurely because it depends on a right covered by the CBA.

### 5. Plaintiffs' cross-motion for leave to file an amended complaint and to reopen discovery should be denied

It is well settled that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Under Rule 16(b), a schedule may be modified <u>only</u> for good cause. Fed.R.Civ.P. 16(b)(4). "Whether a party has established 'good cause' depends upon that party's diligence." *DiGennaro v. Whitehair*, 467 F. App'x 42, 44 (2d Cir. 2012). Diligence, however, is not the only consideration. The court "may consider other relevant factors including, in particular, whether allowing the extension at this stage of the litigation will prejudice defendants." *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012). In sum, even where the moving party has been diligent, the court may still deny a late motion to amend when it would prejudice the non-moving party. At the same time, even if modification would not prejudice the non-moving party, the court must still deny the motion where the moving party has not been diligent. *Id.* at 253.

Allowing the plaintiffs here to amend their complaint would unduly prejudice the defendants who have already expended significant time to brief the instant motion to dismiss the original complaint. This alone could be a basis to deny plaintiffs' cross-motion. In addition, the deadline to file a motion to amend the complaint expired almost two years ago and discovery in this matter has been closed since March of last year. While plaintiffs repeatedly lay blame on their former counsel,

they are bound by his litigation decisions, and the alleged failures of prior counsel do not provide good cause for delays:

> The court takes no position on what [prior counsel], who is not here to speak for himself, could or should have done or did do, because his actions, good, bad, or indifferent, are binding on the plaintiff. Incoming counsel is bound by the actions of his or her predecessor, and to hold otherwise would allow parties to create good cause simply by switching counsel.

*Kenny v. Cnty. of Suffolk*, 2008 WL 4936856, *1 (E.D.N.Y. 2008).

The Western District of New York follows this rule. *See Marseet v. Rochester Inst. of Tech.*, 2023 WL 2377122, *4 (W.D.N.Y. 2023) ("Simply stated, attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a scheduling order pursuant to Rule 16(b)") (cleaned up). The rationale justifying the rule is that "a litigant voluntarily chooses their attorney, and an attorney's actions—whether sounding in mistake, neglect or even malpractice—are binding on the litigant." *See also Scott v. New York City Dep't of Correction*, 445 F. App'x 389, 391 (2d Cir. 2011) ("the apparent negligence of [plaintiff's] former attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed.R.Civ.P. 16(b)").[2] Here, because plaintiffs' only explanation for the long delays is their former counsel's inadvertence or

---

[2] In an opinion arising out of a dismissal for failure to prosecute, even the Supreme Court has affirmed that plaintiffs are responsible for their choice of counsel. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'").

oversight, the Court should find that plaintiffs have failed to satisfy the good cause standard of Rule 16(b) and deny their cross-motion for leave to amend their complaint and to reopen discovery.

### III. CONCLUSION

For all of the reasons stated above and in the defendants' previously filed moving papers, the defendants' motion should be granted and the plaintiffs' cross-motion should be denied.

Dated:     Buffalo, New York
           March 7, 2025

                                      Respectfully submitted,

                                      Cavette A. Chambers
                                      Corporation Counsel
                                      Attorney for Defendants

                                      By:   s/David M. Lee
                                      Assistant Corporation Counsel
                                      City of Buffalo Department of Law
                                      65 Niagara Square, 1114 City Hall
                                      Buffalo, New York 14202
                                      (716) 851-9691
                                      dlee@city-buffalo.com