UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRANDON HAWKINS, *et al.*,

      Plaintiffs,

    v.

CITY OF BUFFALO, *et al.*,

      Defendants.

**DECISION AND ORDER**

22-cv-905-MAV

---

This case was filed on November 21, 2022, ECF No. 1, and was transferred to the undersigned on October 21, 2025, ECF No. 50. Before the Court are Defendants' May 2024 motion for judgment on the pleadings,[1] which was filed at the dispositive motion deadline, ECF Nos. 7, 11, and Plaintiffs' January 2025 cross-motion to amend the complaint and re-open discovery, ECF No. 41; *see* ECF Nos. 42–43. For the following reasons, Plaintiffs' motion is granted to the extent indicated in this Order, and Defendants' motion is granted in part and otherwise denied as moot, without prejudice.

---

[1] Defendants' motion requests "judgment on the pleadings as to all claims in the complaint pursuant to Fed. R. Civ. P. 12(c); and, in the alternative, as to the claim in the complaint for denial of overtime opportunities only, for summary judgment pursuant to Fed. R. Civ. P. 56 on the limited basis of failure to exhaust CBA grievance procedures." ECF No. 11 at 1. Defendants accompanied their motion with three exhibits: a hearing officer's decision, provisions of the collective bargaining agreement (the "CBA"), and a declaration from Deputy Police Commissioner Dawn Kent. ECF Nos. 41–1, 42–43.

## LEGAL STANDARDS

### I.    Motions to Amend

Ordinarily, Rule 15 of the Federal Rules of Civil Procedure applies to motions to amend the pleadings once the time for amending a pleading as of right has expired and provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In general, amendments are favored because they "tend to facilitate a determination on the merits." *Zucker v. Porteck Global Servs. Inc.*, No. 13-CV-2674 (JS)(AKT), 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015) (citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is within the sound discretion of the district court to grant or deny leave to amend. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

However, where, as here, a plaintiff moves to amend the complaint after the deadline set by the scheduling order, Fed. R. Civ. P. 15's "lenient standard" must be "balanced against" Fed. R. Civ. P. 16(b)(4)'s requirement that "a scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (quotation omitted). The Second Circuit has concluded that Fed. R. Civ. P. 16(b)'s "'good cause' standard, rather than the more liberal standard of [Fed. R. Civ. P.] 15(a) governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), *overruled on other grounds by Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019). Thus, "despite the lenient

standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id.*

In the "good cause" analysis, "the primary consideration is whether the moving party can demonstrate diligence," but the Court may also consider "other relevant factors including . . . whether allowing the amendment of the pleading at this stage of the litigation would prejudice defendants." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). These other factors do not excuse the moving party from demonstrating diligence, however. *Engles v. Jones*, 405 F. Supp. 3d 397, 407 (W.D.N.Y. 2019); *see Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)) ("[T]o show good cause, a movant must demonstrate that it has been diligent.").

## II.    Rule 12(c) Motions

In general, "the standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), the proposed amended pleading must supply "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In applying this standard, the court must accept as true all well-pleaded factual

3

allegations and draw all reasonable inferences in favor of the non-moving party, *see Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014), but should not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements," *Iqbal*, 556 U.S. at 678. Ultimately, the plaintiff's allegations of fact "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

"It is well-settled that 'where the [p]laintiff seeks to amend [her] complaint while a motion to dismiss is pending, the Court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion [to dismiss] as moot to considering the merits of the motion in light of the amended complaint.'" *Bryan v. I.C. Sys., Inc.*, No. CV156984SJFGRB, 2017 WL 9485658, at *3 (E.D.N.Y. Aug. 28, 2017), *report and recommendation adopted*, 2017 WL 4326041 (E.D.N.Y. Sept. 28, 2017) (quoting *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 338 (E.D.N.Y. 2014)).

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and procedural background of this case and recites only those facts particularly germane to resolving the pending motions.

Plaintiffs' original complaint was filed by prior counsel, and prior counsel was retained through the discovery period, which closed March 1, 2024. ECF Nos. 7; 41 at 2, 12–14. Plaintiffs' former counsel did not "commence[] *any* discovery before the deadline." ECF No. 41 at 12–14. At the dispositive motion deadline on May 6, 2024, Defendants filed a motion for judgment on the pleadings. ECF No. 11. During the approximately 15 months that passed between when the Magistrate Judge's case

4

management order was issued and the close of discovery, the only entries docketed reflect two unsuccessful mediations. *See* ECF No. 8–10. Plaintiffs alleged they had requested that their former counsel correct the complaint, conduct discovery, and compel depositions, and they allege that their former attorney barred them from attending mediation sessions while touting the possibility of settlement. *See, e.g.,* ECF No. 41 at 13.

Plaintiffs' former counsel filed a motion to withdraw from the case in June 2024. ECF No. 19. Plaintiffs had, on at least two occasions, also sought direct assistance from the Court, "expressing concerns over the state of their representation by their attorney," and District Judge Skretny later held a conference to review these issues after the withdrawal was filed. *See* ECF No. 20, 22. Plaintiffs' current counsel filed her notice of appearance in August 2024. ECF No. 23. Even after these measures, Plaintiffs needed to file a motion to compel their client file from prior counsel, which the Court granted. ECF Nos. 24–25. As indicated in a letter filed by their Plaintiffs' former counsel, Plaintiffs had also raised disputes with their former attorney's employer during the course of his representation. *See* ECF No. 27 at 1.

Judge Skretny adjourned an August 2025 status conference to allow Plaintiffs' new counsel to familiarize herself with the case and granted several unopposed motions to extend her deadline to respond to Defendants' pending Rule 12(c) motion. *See* ECF Nos. 25, 34–39. As noted, Plaintiffs filed their response to the Rule 12(c) motion and filed a cross-motion to amend and re-open discovery in January 2025. ECF No. 41–43.

Given these circumstances, the Court finds that Plaintiffs have demonstrated diligence to establish good cause for leave to file an amended complaint and re-open discovery, and finds that any prejudice to Defendants is minimal. Plaintiffs repeatedly attempted to compel action by their former attorney, including seeking assistance from the Court on multiple occasions. Defendants cite non-precedential cases for the proposition that attorney neglect, carelessness, or oversight is not a sufficient basis to establish "good cause" under Rule 16(b), and that clients are bound by their attorney's decisions. *See* ECF No. 49 at 10 (including cases involving the neglect of former counsel). The Court does not find such cases persuasive in these circumstances and finds that holding otherwise, especially where no discovery has been conducted, is inconsistent with facilitating a determination of Plaintiffs' case on the merits and the interests of justice.

Defendants here have bore no burdens of discovery, have filed a single substantive motion, and have not opposed current counsel's motions for extensions of time. The Court in its discretion finds that there is good cause to grant Plaintiffs leave to amend and, provisionally, to re-open discovery. Fed. R. Civ. P. 16(b). *Cf. Scott v. New York City Dep't of Correction*, 445 F. App'x 389, 391 (2d Cir. 2011) (affirming magistrate judge's denial of plaintiff's motion for leave to amend and to reopen discovery where, *inter alia*, "defendants would have been prejudiced by the untimely filing of an amended complaint, as they had already deposed [plaintiff], otherwise completed discovery, and moved for summary judgment," and plaintiff's requested amendment to add a claim for gender discrimination based on unequal terms and conditions of employment "could not fairly be read" from the existing records.).

Defendants shall have 30 days from timely service of the amended complaint, ECF No. 41-1, to file an answer or other response thereto. *See* Loc. R. Civ. P. 15(c). Plaintiffs shall have 15 days from the filing of Defendants' response to file any opposition. Any reply by Defendants, if preserved, shall be filed within seven (7) days of Plaintiffs' opposition.

Because Plaintiffs "concede that the City [of Buffalo] is the real party in interest in this action and do[] not object to dismissal of the Buffalo Police Department ("BPD"), ECF No. 41 at 1 n.1, the Court grants Defendants' motion, ECF No. 11, to the extent that the BPD is dismissed as a party. Otherwise, Defendants' motion for judgment on the pleadings is DENIED AS MOOT.

With respect to re-opened discovery, Plaintiffs' request is granted provisionally and with the following caveat. Plaintiffs' amended complaint must first survive any motion to dismiss filed by Defendants before any discovery may proceed. Assuming *arguendo* it does, Magistrate Judge Schroeder will conduct a case management conference, and the Court defers to Magistrate Judge Schroeder to assess the appropriate scope of re-opened discovery and attending deadlines.

The Court expects the parties to proceed industriously in moving the case forward.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion to amend the complaint and re-open discovery, ECF No. 41, is GRANTED to the extent provided above; and it is further

7

ORDERED that Defendants' motion for judgment on the pleadings, ECF No. 41, is GRANTED IN PART to the extent that the BPD is dismissed as a party and is OTHERWISE DENIED AS MOOT; and it is further

ORDERED that Defendants shall file an answer or response **within 30 days of timely service of Plaintiffs' amended complaint**, ECF No. 42-1; and it is further

ORDERED that Plaintiff shall file any opposition to Defendants' response **within 15 days of the filing thereof**; and it is further

ORDERED that Defendants shall file any reply, if preserved, to Plaintiffs' opposition **within seven (7) days of the filing thereof**; and it is further

SO ORDERED.

Dated:      June 17, 2026
            Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge

8